**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SAOWALAK "JENNY" PIMPANIT, | § | |
|     Plaintiff, | | |
| | | |
| V. | § | CIVIL ACTION NO. 4:20-cv-0289 |
| | | |
| PHUMSWARNG, INC., d/b/a THAI | | |
| GOURMET RESTAURANT, SAWONYA | | |
| TABERS, and SAENGDAOW DUBROC, | | |
|     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

This lawsuit is about an employer who illegally retaliated against an employee for standing up for herself and her co-workers regarding wage theft. Defendant Phumswarng, Inc., which does business under the assumed name Thai Gourmet Restaurant ("Thai Gourmet") had a business plan that included paying tipped servers the same sub-minimum wage hourly rate for all hours worked, even those hours over 40 per workweek, and illegally taking some of those employees' tips.  Thai Gourmet's failure to pay the overtime premium required by law and actions in improperly taking some of the servers' tips allowed it to gain an unfair advantage over competitors who follow the law in their employment practices.  Plaintiff Saowalak "Jenny" Pimpanit ("Jenny" or "Plaintiff") protested the illegal wage and hour practices of Thai Gourmet, rallied other employees to do the same, and was fired by Thai Gourmet as a result.  She thus brings this lawsuit against Thai Gourmet to recover damages resulting from her termination, as is allowed by the Fair Labor Standards Act, 29 U.S.C. §§215 (a), 216(b) ("FLSA").

## Facts Supporting Relief

### Allegations Related to Plaintiff's Claims

1.      Plaintiff Saowalak "Jenny" Pimpanit worked for Thai Gourmet as a server from March of 2017 until March of 2018, when she was fired.  Jenny's duties included, but were not limited to, waiting on customers at their tables, taking their orders, and delivering food to customers' tables.

2.      During the time she worked for Thai Gourmet, Jenny was paid a sub-minimum hourly ("tipped") wage, regularly worked in excess of 40 hours per week, and regularly received tips from customers as part of her compensation.

3.      Jenny and some of her co-workers figured out that they were not being properly paid by Thai Gourmet.  Thai Gourmet, through its employees Sawonya Tabers and Saengdaow Dubroc, was not paying the servers for all the hours they worked, was not paying overtime properly, and was violating the FLSA's tip pool requirements by keeping a portion of the servers' tips.

4.      Jenny complained to Thai Gourmet's management regarding the improper payments, and had copies made of some of the time and pay printouts that evidenced Thai Gourmet's illegal acts.

5.      Jenny prepared and circulated a spreadsheet that proved that Thai Gourmet had been stealing wages from the servers, which caused Thai Gourmet to have several meetings with the servers to discuss these issues, and also  caused Thai Gourmet to change its pay policies with regard to the servers.

6.      Thai Gourmet fired Jenny in March of 2018, for allegedly taking "company property."  The "property" that was allegedly taken was the copies of time and pay printouts that

allowed Jenny to prove Thai Gourmet's wage theft.  The reason for Jenny's termination was a pretext.

### Allegations Regarding FLSA Coverage

7.       Defendant Phumswarng, Inc. is a Texas corporation that was Jenny's employer and is covered by and subject to the requirements of the FLSA.

8.       During each of the two years prior to this complaint being filed, Thai Gourmet was an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

9.       During each of the two years prior to this complaint being filed, Thai Gourmet regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

10.       During each of the two years prior to this complaint being filed, Thai Gourmet conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

11.       During each of the two years prior to this complaint being filed, Thai Gourmet's employees used goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

12.       Sawonya Tabers and Saengdaow Dubroc were Jenny's employers under the FLSA, as well as employees of Thai Gourmet determined terms and conditions of employment of Jenny and the other Thai Gourmet servers. Sawonya Tabers is an officer and, upon

information and belief, a shareholder, of Thai Gourmet.  These individuals had the ability to, and did, determine the manner in which Jenny and her co-workers were paid, and were instrumental in Thai Gourmet's scheme to steal servers' tips, and in the termination of Jenny's employment.

### Plaintiff's Claims & Cause of Action

### Violation of the FLSA – Unlawful Retaliation

13.	In protesting Thai Gourmet's illegal actions and obtaining the evidence to prove her allegations, Jenny engaged in conduct protected under the FLSA.

14.	Defendant Thai Gourmet, through the actions of Defendants Sawonya Tabers and Saengdaow Dubroc and/or other Thai Gourmet employees, retaliated against Jenny for engaging in protected conduct by terminating her employment.

15.	As a result of Defendants' retaliatory actions, Jenny has suffered damages, for which she seeks compensation in this lawsuit.

16.	Jenny seeks actual damages in the form of loss of income due to the unlawful termination, and liquidated damages based on those damages. Jenny was unable to find employment for a period of time, and the employment she was able to get was for significantly less money than she earned working at Thai Gourmet. Jenny is also entitled to recover compensation for consequential damages, including mental anguish, that she suffered due to the Defendants' actions.  Finally, Jenny seeks recovery of exemplary damages due to the intentional and outrageous conduct of the Defendants in unlawfully terminating her employment.

### Defendant, Jurisdiction, and Venue

17.	Defendant Phumswarng, Inc. is a Texas corporation and an "employer" as defined by the FLSA.  This Defendant may be served through its registered agent, Steve Broeder, at 8866 Gulf Freeway, Suite 380, Houston, Texas 77017, or wherever he may be found.

18.     Defendant Sawonya Tabers is an individual who may be served with process at her place of work, 6324 Richmond Avenue, Houston, Texas 77057, or at her home address of 24606 Piney Street, Spring, Texas 77373, or wherever she may be found.

19.     Defendant Saengdaow Dubroc is an individual who may be served with process at her place of work, 6324 Richmond Avenue, Houston, Texas 77057, or at her home address of 2603 Golden Creek Lane, Pearland, Texas 77584, or wherever she may be found.

20.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

21.     Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1.     Judgment against Defendants for loss of income and consequential damages;
2.     An equal amount to the loss of income damages as liquidated damages;
3.     Exemplary damages as may be awarded by the trier of fact;
4.     All costs and attorney's fees incurred prosecuting these claims; and
5.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**
**SAOWALAK "JENNY" PIMPANIT**


**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**