UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
May 04, 2021
Nathan Ochsner, Clerk

Saowalak Pimpanit, §
§
        Plaintiff, §
§
versus §      Civil Action H-20-289
§
Phumswarng, Inc., *et al.*, §
§
        Defendants. §

## Opinion on Summary Judgment

1. *Background.*

Saowalak Pimpanit was a waitress at Thai Gourmet – owned by Phumswarng, Inc. She was paid an hourly tipped wage that was supplemented with her share of the tip pool.

Pimpanit alleges that she complained to management about not paying her for all of the hours she worked, not paying the overtime she was owed, and for keeping part of the tip pool. She gave management a list of question she and the other workers had put together.

On February 19, 2018, the manager met with the workers to discuss their questions.

On March 16, 2018, Phumswarng fired Pimpanit for taking and making copies of the time and pay sheets without permission.

On January 24, 2020, Pimpanit sued for retaliation under the Fair Labor Standards Act. Phumswarng has moved for summary judgment raising *res judicata*. It will prevail.

2. *Res Judicata.*

*Res Judicata* is the rule that precludes a case if: (a) the parties in the later action are functionally the same as those in the first; (b) the judgment in the first case was rendered by a court of competent jurisdiction; (c) a final judgment on

the merits exists; and (d) the cases involve the same common nucleus of facts.[1] It bars claims that either have been litigated or should have been raised in the first case.[2] In Texas, a settlement is a final judgment on the merits.[3]

On July 17, 2018, Pimpanit sued Phumswarng in Texas state court – 2018-47996 *Saowalak Pimpanit, et al. v. Phumswarng, Inc., et al.* (Harris County) – for violations of the Act including improperly withheld tips, unpaid minimum wage, and unpaid overtime. In December 2019, the case settled – a final judgment on the merits.

Pimpanit and Phumswarng are parties in both lawsuits. The Texas District Court was competent to hear claims arising under the Act.

Both cases arise from a common nucleus of operative facts. Pimpanit investigated Phumswarng's asserted violations of the Act. She confronted management about them. Now, she claims that Phumswarng retaliated against her for complaining about the same violations. The facts in the first case are the basis for her claims in this case, except she has now added that she was fired. Pimpanit was fired before she brought her state court case. That case did not include a claim about her firing. It could not be clearer that Pimpanit could have and should have raised her retaliation claim in her first suit.

Pimpanit argues her retaliation claim is not barred by *res judicata* because the settlement expressly reserved her right to bring it in a later suit. She also says that the state court case was based on the facts before she complained – while this case is based on Phumswarng's reactions to her complaints.

The settlement may have allowed Pimpanit to bring her retaliation claims in a later suit, but it did not waive or limit Phumswarng's defenses to that claim – *res judicata* included. Pimpanit gives no support to the contrary.

---

[1] *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).

[2] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

[3] *Jistel v. Tiffany Trail Owners Ass'n, Inc.*, 215 S.W.3d 474, 480 (Tex.App.—Eastland 2006).

The facts in both cases do not have to be identical. They just have to arise from the same nucleus of operative facts. As this court has explained, underlying both cases were Pimpanit's issues with Phumswarng's alleged violations of the Act – clearly the same nucleus. Pimpanit tells the court not to look at these cases in a vacuum, and then argues the facts in a vacuum to rebut the applicability of *res judicata*.

Because her retaliation claim is barred by *res judicata*, it fails.

3. *Conclusion.*

Saowalak Pimpanit will take nothing from Phumswarng, Inc.


Signed on May 4, 2021, at Houston, Texas.

                                          Lynn N. Hughes
                                  United States District Judge