United States District Court
Southern District of Texas
**ENTERED**
January 05, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Saowalak "Jenny" Pimpanit, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-289 |
| | § | |
| Phumswarng, Inc., d/b/a Thai | § | |
| Gourmet Restaurant, Sawonya | § | |
| Tabers, and Saengdaow | § | |
| Dubroc, | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT

Pending before the court is Plaintiff's Motion for Award of Liquidated Damages and Attorney's Fees and Costs and for Entry of Judgment. ECF No. 96. The motion is GRANTED.

### 1. Background

This case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. The parties consented to the jurisdiction of the undersigned for all proceedings including entry of judgment. ECF No. 76. Saengdaow Dubroc was dismissed from the case, ECF No. 28, leaving Phumswarng, Inc., and Sawonya Phumswarng f/k/a Sawonya Tabers as defendants. The case was tried to a jury on November 14 and 15, 2022. The jury returned its verdict in favor of Plaintiff. ECF

No. 93. The parties stipulated that Plaintiff's actual damages were $47,095.02. ECF No. 86 at 3.

Plaintiff has filed a motion seeking, in addition to the agreed actual damages, an award of liquidated damages as well as attorney's fees and costs. ECF No. 96. Defendants did not respond to the motion. In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, dispositive motions should not be granted simply because there is no opposition, even if failure to oppose violated a local rule. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the motion as undisputed. See *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion); *Smith v. AZZ Inc.*, No. 20-CV-375-P, 2021 WL 1102095, at *1–3 (N.D. Tex. Mar. 23, 2021) (following *Eversley* and taking as true the facts set forth in the moving party's motion for summary judgment). Accordingly, the court takes as true the facts set forth in the motion for entry of judgment.

## 2. Liquidated Damages

The FLSA allows for an award of liquidated damages equal to the amount of unpaid wages. 29 U.S.C. § 216(b). However, "if the employer shows to the

satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," the court may decline "in its sound discretion" to award liquidated damages. 29 U.S.C. § 260. Even if a defendant shows subjective good faith and objective reasonableness for failing to comply with the FLSA, the district court may nevertheless exercise its discretion to award liquidated damages. *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010). This is a retaliation case. The court has no information before it that Defendants acted in good faith or had any reason to believe their retaliatory actions were lawful. The court will award liquidated damages.

### 3. Attorney's Fees and Costs

The FLSA allows for the imposition of attorney's fees and costs to the prevailing party. 29 U.S.C. § 216(b).

### a. Attorney's Fees

Determination of a reasonable attorney's fee requires the court to "first calculate[] the 'lodestar' by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate." *Sheffield v. Stewart Builders, Inc.*, Civil Action H-19-1030, 2021 WL 951897, at *2 (S.D. Tex. Mar. 10, 2021). In the second step, the court considers the *Johnson*[1] factors to determine whether the lodestar should be

---

[1] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

adjusted. *Id.* The party seeking attorneys' fees bears the burden to prove the reasonableness of the hours spent, the hourly rate, and that billing judgment was exercised. *Pathan v. Basit Enters., Inc.*, Civil Action No. H-09-1506, 2011 WL 13244519, at *3 (S.D. Tex. Jan. 18, 2011).

### i. Reasonable Rates

To determine the reasonable hourly rate, courts must "consider the attorney's regular rates as well as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Pathan*, 2011 WL 13244519, at *4 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Evidence of the reasonableness of the requested rate must include the attorney's own affidavit as well as "information about rates actually billed and paid in similar lawsuits." *Id.*

An attorney's unopposed requested hourly rate is generally assumed to be *prima facie* reasonable *Cf. Shaw v. Ciox Health LLC*, Civil Action No. 19-14778, 2021 WL 928032 at *2 (E.D. La. Mar. 11, 2021). Moreover, both of Plaintiff's counsel, Josef Buenker and Thomas Padgett, have presented their own affidavits and affidavits of other attorneys familiar with their practice of law establishing the reasonableness of the requested $500 hourly rate. ECF Nos. 96-1, 96-2, 96-5, 96-7, 96-8. The court is also familiar with the skill, experience, and professionalism of both counsel. The court concludes that $500/hour for both Josef Buenker and

4

Thomas Padgett is reasonable. Because Plaintiff has written off the charges of their associate counsel, the court need not consider the reasonableness of their rates.

### ii. Reasonable Number of Hours

The court must next determine the number of hours reasonably expended on the case. The court must review the timesheets submitted by counsel and exclude those hours that are excessive, duplicative, or not adequately documented. *Pathan*, 2011 WL 13244519 at *5.

Plaintiff's counsel have documented 562.5 hours actually worked on the case, but have excluded 86.9 hours of trial counsel's time and 32.2 hours of associate attorney time in an exercise of billing judgment. Plaintiff's counsel thus requests compensation for 443.4 hours of work. Again, the request is unopposed. Moreover, Mr. Buenker has represented that he is not billing for any duplicative or unnecessary hours. The court has not been made aware of and does not detect any duplicative or unnecessary time being requested. The court also notes that this case involved significant motion practice and a unique procedural issue that was appealed to the circuit. Responding to dispositive motions is time consuming, as is preparation for appellate oral argument and trial. The court concludes that the requested hours are reasonable.

The lodestar is therefore $500 per hour multiplied by 443.4 hours, for a total of $221,700.

### iii. Johnson Factors

The *Johnson* factors, which the court considers in determining whether any adjustment to the lodestar figure is necessary, include: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

The court concludes that none of these factors favors an increase or decrease in the lodestar amount. No adjustment is warranted.

### a. Costs

In FLSA cases, the only costs that can be awarded are those listed in 28 U.S.C. § 1920 unless "explicit statutory or contractual authorization" provides for recovery of others. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Child.'s Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)); *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *12 (N.D. Tex. July 17, 2014) (finding that "costs not specifically listed in Section 1920 are not recoverable by a prevailing

FLSA plaintiff even if they are of the sort a lawyer would normally charge to a fee-paying client").

Plaintiff seeks reimbursement in the amount of $400 for the district court filing fee, $505 for the appeal, and $1445.05 for two depositions. These costs totaling 2,350.05 are compensable and will be awarded.

**4. Conclusion**

Upon the jury's verdict and Plaintiff's motion for entry of judgment, Plaintiff shall be awarded:

$47,095.02 in actual damages;

$47,095.02 in liquidated damages;

$221,700 in attorney's fees; and

$2,350.05 in costs.

A separate final judgment will be entered.


Signed at Houston, Texas, on January 5, 2023.


_____
Peter Bray
United States Magistrate Judge